IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30603
Summary Calendar
_____


FLOY O'NEAL HOCHENEDEL, on behalf of Eugene C. Hochenedel,
doing business as Hochenedel Consultants,

                                        Plaintiff-Appellant,

versus

ENVIRONMENTAL PROTECTION AGENCY,

                                        Defendant-Appellee.

                    * * * * *

GREGORY SNYDER, ET AL,

                                        Plaintiffs,

FLOY O'NEAL HOCHENEDEL,

                                        Plaintiff-Appellant,

v.

MELVIN BERNARD; DOUGLAS BERNARD; STANLEY BERNARD; BILL BERNARD;
LOUIS BERNARD; THELMA LEONARD; PAULENE WELLS; STACY BERNARD;
LINDA HOFSTETLER; NIKKI BERNARD; MIRANDA LEONARD; MAVIS ORGERON;
DONALD JOHNFROE,

                                        Defendants-Appellees.

              - - - - - - - - - -
        Appeal from the United States District Court
          for the Eastern District of Louisiana
         USDC Nos. 97-CV-2771-B c/w 97-CV-3388-B
              - - - - - - - - - -

                 January 25, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Floy O'Neal Hochenedel appeals the district court's order dismissing her consolidated complaints for failure to prosecute. Hochenedel had failed to serve the defendants in accordance with Fed. R. Civ. P. 4.

Prior to entering its order of dismissal, the district court ordered Hochenedel to show cause why the complaints should not be dismissed. Hochenedel contends that she was inadequately notified of the show-cause hearing and was not given a genuine opportunity to be heard prior to dismissal of her action.

A complaint may be dismissed because of the plaintiff's failure to prosecute or for lack of compliance with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b); see Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962). "[W]hen circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." Link, 370 U.S. at 633. "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." Id. at 632. The district court's order is reviewed for an abuse of discretion. Id. at 633.

Hochenedel apparently believes that her lawsuit was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed because she failed to appear at the show-cause hearing. She does not state what she would have argued at the hearing and does not offer any explanation for failing to comply with Rule 4. Nor does she argue that her action will be time-barred if the dismissal is affirmed.

Hochenedel knew, as early as March 31, 1998, that there was a question whether the United States had been properly served. The district court's order on April 8, 1998, provided a detailed explanation of the procedures for effecting service and ordered Hochenedel to effect service within three weeks. Apparently, no further efforts were made by Hochenedel.

Hochenedel was given several opportunities to effect service and failed to do so, disregarding a clear and reasonable court order. See Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991). "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." Id. (internal quotation marks omitted). The district court did not abuse its discretion. The order of dismissal is

AFFIRMED.